IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Veterans of Foreign Wars of :
Ohio Charities, et al.,
                             :
        Plaintiffs,
                             :
    v.                            Case No. 2:11-cv-544
                             :
Charles L. Miller, et al.,       JUDGE GEORGE C. SMITH
                             :   Magistrate Judge Kemp
        Defendants.

OPINION AND ORDER

This matter is before the Court on the motion for leave to file a second amended complaint filed by plaintiffs Veterans of Foreign Wars of Ohio Charities and Department of Ohio, Veterans of Foreign Wars of the United States. Certain defendants including Albert Roese, the Rick Brown Memorial Post #7941 Veterans of Foreign Wars of the United States, Inc. and the Rick Brown Memorial VFW #7941 Charity Fund, Inc. do not oppose the motion. The remaining defendants, however, including Charles Miller, Patricia Miller, H.V. Christopher Post #1176 - Veterans of Foreign Wars of the United States, Thomas L. Potts and Lonnie K. LeMaster have filed a response in opposition to the motion. The motion has been fully briefed. For the following reasons, the motion for leave to file a second amended complaint will be granted in part and denied in part.

I.  Background

Plaintiffs are non-profit corporations performing charity and public service on behalf of Ohio veterans of foreign wars. They filed this action asserting civil conspiracy claims under federal and state law RICO statutes arising from the defendants' alleged installation, maintenance and operation of illegal gaming machines. They also assert a state law breach of contract claim

in connection with this conduct. The same defendants opposing the current motion for leave to amend filed a motion to dismiss directed to the original complaint. Following the filing of that motion to dismiss, plaintiffs filed a first amended complaint.

According to the first amended complaint, the defendants have refused to distribute the appropriate net profits from lawful charitable activities and have entered into unauthorized financial obligations which have resulted in a breach of contractual duties as well as fiduciary duties owed to the plaintiffs and to the members of the defendant Posts #1176 and #7941.

## II. <u>The Motion for Leave to Amend</u>

Through their proposed second amended complaint, plaintiffs seek to clarify their allegations and to add the State of Ohio as a defendant, based upon information they have obtained through investigation. Plaintiffs characterize the State of Ohio as a "necessary, indispensable party" based on its "legitimate interest in regulating gambling and in permitting certain gambling activities for charitable purposes." The additional factual allegations are set forth primarily at paragraphs 26 through 34 of the proposed amended complaint and relate to events on or after September 28, 2010, involving plaintiffs' review of the financial records for Post #1176 and the decision to place it in receivership. In support of their motion, plaintiffs rely on the liberal amendment standard under Fed.R.Civ.P. 15(a) and assert that the objecting defendants will not be prejudiced by the proposed amendments.

In response, the objecting defendants argue first that the proposed factual allegations are not significantly different from the allegations of the first amended complaint making any amendment unnecessary. In passing, they state that these allegations are speculative and contain conclusions of law and do

not support any claim for relief.  Their argument addressed to the proposed addition of the State of Ohio as a defendant is only slightly more substantial.  These defendants dispute the plaintiffs' characterization of the State of Ohio as an indispensable party and assert that the proposed amended complaint fails to state a claim against the State of Ohio.  They contend also that under the plaintiffs' definition of indispensable party, other individuals or entities that have not been named as defendants should be considered indispensable parties.  Based on this contention, these defendants speculate that plaintiffs will seek additional amendments and assert that the plaintiffs' repeated efforts to cure pleading deficiencies has resulted in undue prejudice.

In reply, plaintiffs contend that the focus of their amended complaint is the addition of the State of Ohio as an additional party.  They claim that the State of Ohio is an indispensable party because of the "numerous violations of state laws, relating to the prohibitions of gambling, illegal use of bingo permits, illegal use of liquor permits, and deceptive practices in consumer transactions...."  Further, they argue that the State of Ohio is an "appropriate party" because of its "constitutional police powers and statutory authority for the enforcement of anti-gambling statutes."  Finally, they contend that they reported the alleged operation of illegal gaming machines to the Ohio Attorney General's Office.  For all of these reasons, the plaintiffs assert that the State of Ohio's presence is required in this case in order for the Court to fashion appropriate relief in the event of a finding that the defendants violated state laws.

Additionally, with respect to the defendants' assertion that other individuals or entities must also be named as indispensable parties at this stage, the plaintiffs contend that currently

there is not sufficient information to support the naming of additional parties. Finally, the plaintiffs contend that because discovery has not begun and the preliminary pretrial conference has not yet been held, any claim of prejudice is without merit.

### III. Legal Standard

Fed.R.Civ.P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178 (1962) and <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971), decisions which give substantial meaning to the phrase "when justice so requires." In <u>Foman</u>, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In <u>Zenith Radio Corp.</u>, the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct
>
> discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

<u>Phelps v. McClellan</u>, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing <u>Tokio Marine & Fire Insurance Co. v. Employers Insurance of</u>

Wausau, 786 F.2d 101, 103 (2d Cir. 1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir. 1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir. 1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

IV. Analysis

Although not clearly articulated, the primary argument raised by the objecting defendants, at least with respect to the proposed amendment to add the State of Ohio as a defendant, is one of futility. The plaintiffs characterize the State of Ohio as an "indispensable party" without citation to any Federal Rule of Civil Procedure. The phrase "indispensable party" generally

arises in the context of Fed.R.Civ.P. 19(b) which sets forth the factors a Court must consider in determining whether to allow an action to proceed or to be dismissed when a required or necessary party, as defined in Fed.R.Civ.P. 19(a), cannot be joined. See generally In re Classicstar, LLC, 2011 WL 652744, *6 (6th Cir. BAP February 24, 2011). This issue typically arises in the context of a Fed.R.Civ.P. 12(b)(7) motion to dismiss. In that context, the Sixth Circuit utilizes a three-step analysis in determining whether a case should proceed in the absence of a particular party. Id. The first step involves a determination of whether a party meets the definition for a "necessary" or, more precisely, "required" party set forth in Rule 19(a). Id. If a party is not deemed "necessary," or in terms of the Rule, "required," there is no need to consider the remaining steps of the analysis. Id. at *9. That is, the issue of indispensability does not arise until, at a minimum, a party has been found to be required or necessary.

Here, the plaintiffs have raised the issue of indispensability within the context of a motion for leave to amend. However, the Court construes their argument as one asserting that the State of Ohio is a required, or necessary, party as set forth in Fed.R.Civ.P. 19. See generally Vagras v. Cimperman, 2008 WL 207692, *1 n.2 (N.D. Ohio January 24, 2008). As discussed above, this issue is governed by Fed.R.Civ.P. 19(a).

Rule 19(a) provides, in relevant part:

> (1) **Required Party**. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>     (A)) in that person's absence, the court cannot accord complete relief among existing parties; or
>     (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>         (i) as a practical matter impair or impede the

-6-

person's ability to protect that interest; or
       (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest.

Fed.R.Civ.P. 19(a)(1).

In short, Rule 19(a) provides that a party is necessary if, in that person's absence, the court cannot accord complete relief among the parties or the person claims an interest in the action and, in that person's absence, they might be unable to protect their interest or might suffer inconsistent obligations. <u>Wright v. Linebarger Googan Blair & Sampson, LLP</u>, 782 F.Supp.2d 593, 606 (W.D. Tenn. 2011). "In essence, required parties are those 'persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" <u>School Dist. of City of Pontiac v. Secretary of U.S. Dept. Of Educ.</u>, 584 F.3d 253, 301 (6th Cir. 2009)(en banc)(McKeague, J., concurring) quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice & Procedure § 1604</u> (3d ed. 2009) (internal citation omitted).

In this action, the State of Ohio has not claimed an interest in the subject of this action. As a result, the only issue under Rule 19(a) is whether the State is necessary for the Court to accord complete relief. "'Rule 19(a)(1)(A) focuses on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person.'" <u>Laukus v. Rio Brands</u>, Inc., 2011 WL 4737579 (N.D. Ohio 2011) quoting <u>Sales v. Marshall</u>, 873 F.2d 115, 121 (6th Cir. 1989); <u>see also</u> <u>School Dist. of City of Pontiac</u>, 584 F.3d at 265 (Rule 19(a)(1) is concerned only with those who are already parties); (<u>Keweenaw Bay Indian Cmty v. Michigan</u>, 11 F.3d 1341, 1345 (6th

Cir. 1993 (a party is necessary if "(1) in the person's absence complete relief cannot be accorded among those already parties [...]."); Bedel v. Thompson, 103 F.R.D. 78, 80 (S.D. Ohio 1984) ("The 'complete relief' provision of Rule 19 relates to those persons already parties....").

Plaintiffs have not demonstrated that the State of Ohio is necessary for the Court to accord complete relief to them as set forth in Rule 19(a)(1)(A). Significantly, they have not even argued as much. Rather, their basis for joining the State of Ohio as a defendant seems to stem solely from their perception that the State would have an interest in the defendants' alleged illegal gambling activities. This is not the test set forth in Rule 19(a).

Moreover, even had plaintiffs attempted to argue that complete relief is not possible absent the State of Ohio's participation in this action, they would not have been able to succeed in persuading the Court to grant the motion for leave to amend as it relates to joining the State. Plaintiffs assert claims for civil conspiracy under state and federal law and a state law claim for breach of contract. By way of relief, plaintiffs seek a declaratory judgment that the defendants engaged in racketeering activity under federal and state law, damages on the breach of contract claim, and other appropriate relief for violations of 18 U.S.C. §§1961-1968 and O.R.C. §2923.32. Plaintiffs also seek an order directing the divestiture of defendants' interest in any enterprise or real property and reasonable restrictions upon the defendants's future activities or investments.

The Court could order this relief without affecting any interests of the State of Ohio. That is, as a practical matter the State of Ohio's ability to pursue any action relating to alleged illegal gambling activities will not be impeded by any

decision here.  Consequently, plaintiffs' argument that the State of Ohio is a necessary party is without merit.  As a result, the motion for leave to amend to the extent that it seeks to add the State of Ohio as a defendant will be denied on grounds of futility.

The remaining proposed amendments relate primarily to factual allegations set forth in paragraphs 26 through 34 of the second amended complaint regarding events on or about September 28, 2010.  The objecting defendants do not directly raise a futility argument with respect to these allegations but simply state that plaintiffs are not entitled to relief.  To the extent that this could be construed as a futility argument, the plaintiffs have made the colorable argument that these proposed factual allegations are sufficient to withstand a motion to dismiss.  Under these circumstances, the Court believes that it is a better exercise of discretion to permit the amendment as it relates to these allegations.  Consequently, the motion for leave to amend will be granted to the extent that the proposed second amended complaint sets forth allegations other than those relating to the State of Ohio.  Certainly, the objecting defendants may pursue a motion to dismiss or other dispositive motion addressed to the second amended complaint.

In reaching this conclusion, the Court notes that the objecting defendants make very brief reference to undue prejudice they will suffer if the proposed amendment is permitted.  This bare assertion, standing alone, is insufficient to demonstrate undue prejudice.  Further, this case is in its early stages and the permitted amendments do not set forth additional claims.  Under this circumstance, the Court cannot conclude that these defendants would be required to expend significant additional resources, or suffer any other kind of prejudice, as a result of defending these new allegations.

## V. Conclusion and Order

For the reasons set forth above, the motion for leave to file a second amended complaint (#12) is granted in part and denied in part as set forth above. Plaintiffs shall file a second amended complaint consistent with this order within seven days.

## VI. Procedure for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge